SOUTHWEST INDUSTRIAL IMPORT & EXPORT, INC., d/b/a Nationwide Supplies, a Division, Plaintiff-Appellee,

v.

WILMOD COMPANY, INC., Defendant-Appellant.

No. 74–3667.

United States Court of Appeals, Fifth Circuit.

Dec. 8, 1975.

---

Ronald D. Cohen, Houston, Tex., for defendant-appellant.

Daniel S. Trachtenberg, Houston, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, RIVES and GEE, Circuit Judges.

PER CURIAM:

Wilmod Company, Inc. (seller) and Southwestern Industrial Import & Export, Inc. (buyer) entered into a series of contracts in which the seller directed several shipments of nails made in Japan to be delivered to the port of Houston where the shipment was to be accepted by the buyer. Each of the contracts contained an unlimited, unconditional and concededly valid arbitration clause providing that all disputes relating to or arising out of the contracts be submitted to arbitration.[1]

The buyer refused to accept delivery of the first shipment and the seller subsequently sold the other shipments to another buyer as a means of self-help. Although settlement negotiations had occurred between the parties, the seller submitted the dispute to arbitration pursuant to the contract.

Subsequently the buyer filed suit on the contracts in Federal District Court and this is an appeal from the District Court's order denying the seller's application for a stay of that suit pending arbitration.[2] The District Court

---

1. The arbitration clause appearing in all of the contracts is as follows:

"(7) Any dispute or controversy arising under, out of, or in relation to or in connection with this agreement or any modification thereof shall be settled by arbitration conducted in the City and State of New York, U.S.A. pursuant to the Rules of the American Arbitration Association, then obtaining, and the arbitrators shall be selected pursuant to such rules. The award of the arbitrators shall be final, binding and conclusive upon the parties hereto and their respective heirs, executors, administrators, legal representatives, successors and assigns. Parties consent to the jurisdiction of the Supreme Court of the State of New York and further agree that any process, notice of motion, or other application to the Court or a Judge thereof may be served outside the State of New York, by registered mail or by personal service, provided a reasonable time for appearance is allowed. The purchasers right to institute proceedings of arbitration must be exercised within six (6) months from the date of arrival of the merchandise at destination specified in the contract. After the said six (6) months, the Purchaser shall have no right to assert any claim for any reason whatsoever against the Seller."

2. Section 3 of the Federal Arbitration Act, 9 U.S.C.A. § 1 *et seq.* provides:

§ 3. Stay of proceedings where issue therein referable to arbitration

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbi-

based its legal conclusion [3] that the seller waived his right to arbitration on the fact that the seller had willingly participated in settlement discussions and had taken the self-help measure of reselling the goods. We hold that these acts did not constitute waiver of the seller's right to arbitration and accordingly reverse.

This Court has held in *General Guaranty Insurance Company v. New Orleans General Agency, Inc.*, 5 Cir., 1970, 427 F.2d 924, 928 that Courts should endeavor to give full effect to arbitration agreements not only to effectuate the intent of the parties but also to ease the congestion of Court dockets. *Citing, Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 2 Cir., 1959, 271 F.2d 402, 410, *cert. granted*, 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618, *cert. dismissed*, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960). Moreover, where as here the party seeking arbitration has made a timely demand for arbitration at or before the commencement of judicial proceedings in the Trial Court, the burden of proving waiver falls even more heavily or the shoulders of the party seeking to prove waiver. *See Hilti Inc. v. Oldach*, 1 Cir., 1968, 392 F.2d 368.

Participation in settlement negotiations and even alleged contract breach or repudiation have been held not to preclude the right to arbitrate, *see Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, *supra* at 410 *citing Almacenes Fernandez, S/A v. Golodetz*, 2 Cir., 1945, 148 F.2d 625; *In re Pahlberg Petition*, 2 Cir., 1942, 131 F.2d 968; *Kulukundis Shipping Co. S/A v. Amtorg Trading Corp.*, 2 Cir., 1942, 126 F.2d 978, and presumably the less extreme self-help steps taken by the seller in this case fall into the same category.

Reversed.

tration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

July 30, 1947, c. 392, 61 Stat. 670.

**3.** We consider the question of waiver to be a conclusion of law not subject to the strictures of limited review dictated by F.R.Civ.P. 52(a) as to factual findings of the Trial Court.