Jack Porter HOGUE, Appellant,

v.

NATIONAL BANK OF COMMERCE OF SAN ANTONIO, Appellee.

No. 5102.

Court of Civil Appeals of Texas, Eastland.

Feb. 16, 1978.

Rehearing Denied March 9, 1978.

James L. Branton, Hardberger, Branton & Herrera, Chilton Maverick, Haight, DeWees & Maverick, San Antonio, for appellant.

J. Burleson Smith, R. Laurence Macon, Patrick K. Sheehan, Cox, Smith, Smith, Hale & Guenther, San Antonio, for appellee.

WALTER, Justice.

Jack Porter Hogue filed suit against National Bank of Commerce of San Antonio under Article 14.07 of the Texas Election Code seeking statutory damages for double the amount of a loan made by the Bank to the Good Government League which opposed him in the 1975 San Antonio City

Council election. In a trial before the court without a jury, judgment was rendered that Hogue take nothing. Hogue has appealed.

Hogue contends the court erred in his conclusion of law number one which is as follows:

"Article 14.07 of the Texas Election Code, as it existed on March 6, 1975 (unless otherwise specified, the term 'Article 14.07' will refer to the Article as it existed on March 6, 1975), did not prohibit the loan that is the subject of this lawsuit because that article authorizes legitimate lending institutions to make bona fide loans to political committees unless the purpose of the lending institution in making the loan was to aid or defeat in the election or nomination of any candidate. In this case the parties stipulated that the Bank's purpose was not to aid or defeat the nomination or election of any candidate."

Article 14.07, Texas Election Code, as it existed on March 6, 1975, the date of the loan, was as follows:

"Sec. 8. Section 243, Texas Election Code, as amended (Article 14.07, Vernon's Texas Election Code), is amended to read as follows:

'(a) Except to the extent permitted in Article 213 of the Penal Code of Texas, 1925, no corporation shall give, lend or pay any money or other thing of value, or promise to give, lend, or pay any money or other thing of value, directly or indirectly, to any candidate, political committee, campaign manager, assistant campaign manager, or any other person, for the purpose of aiding or defeating the nomination or election of any candidate or of aiding or defeating the approval of any political measure submitted to a vote of the people of this state or any subdivision thereof; provided, however, that nothing in this section or in Article 213 of the Penal Code shall prevent the making of a loan or loans to any candidate for campaign purposes by any corporation which is legally engaged in the business of lending money and which has conducted such business continuously for more than one year prior to the making of such loan, provided the loan is made in due course of business and is not directly or indirectly a contribution.

'(b) Any corporation making or promising a gift, loan, or payment to any candidate, political committee, campaign manager, assistant campaign manager, or other person in violation of Subsection (a) of this Section shall be civilly liable for double the amount or value of such loan or gift, promised or made, to each opponent of the candidate or political committee favored by such gift, loan, or payment, or to the particular candidate or candidates, political committee or political committees opposed by such gift, loan, or payment and additionally shall be civilly liable to the State of Texas for an amount equal to triple the amount or value of such loan or gift, promised or made.' "

Article 14.07 as it existed on March 6, 1975, the date of the loan, prohibited a corporation from lending money to a political committee for the purpose of aiding or defeating the nomination or election of a candidate.

The stipulation of facts reveals the loan was made by the Bank in the ordinary course of business and the Bank's sole purpose in making the loan was to make a profit. The trial court construed the word "purpose" as used in Article 14.07 to mean the purpose of the Bank in making the loan. Hogue contends the word "purpose" in the Article refers to the actual use of the proceeds by the Committee.

Hogue presents no authority in support of his contention but urges the court to "apply the rule of common sense and reason".

The word "purpose" is synonymous with the words plan, intent, object and aim. It is our view a strict and narrow construction of this statute, that is penal in nature, should not be extended beyond its plain import and terms.

In *Pecora v. Queens County Bar Association*, 46 Misc.2d 530, 260 N.Y.S.2d 116 (Sup. Ct.1965), the court said:

"Statutes which are penal in character must be narrowly and strictly construed and in manner not to embrace cases which do not clearly fall within their terms . . . Acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal . . ."

We hold the court properly construed the word "purpose" to mean the purpose or intention of the Bank in making the loan.

Another reason the judgment should be affirmed is because the court correctly construed the exemption contained in Article 14.07(a) authorizing loans to "candidates" to also exempt bona fide loans to "political committees".

Another reason the judgment should be affirmed is because Article 14.07 was repealed and the amended statute expressly authorized loans to be made by banks to political committees.

Hogue's cause of action was not saved by the Code Construction Act, Art. 5429b–2,

V.A.T.S. Section 3.11(b) of the Act provides that if the penalty is reduced by a reenactment, revision or amendment of a statute, the penalty shall be imposed according to the statute as amended. The amended statute which expressly authorized loans by a Bank to political committees would be controlling and Hogue would have no cause of action against the Bank under the amended statute. *Aetna Insurance Company v. Richardelle*, 528 S.W.2d 280 (Tex.Civ.App.—Corpus Christi 1975, writ ref. n. r. e.).

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.