Frank **MONFREY** et al., Appellants,

v.

**PLAZA NATIONAL BANK, Appellee.**

No. 5585.

Court of Civil Appeals of Texas, Eastland.

April 30, 1981.

Rehearing Denied May 21, 1981.

Gary W. Mayton, Huffman & Mayton, San Antonio, for appellants.

Raul Rivera, Rivera & Ritter, San Antonio, for appellee.

DICKENSON, Justice.

The issue in this summary judgment case is whether a fact issue exists as to the affirmative defense of illegality.

Plaintiff, Plaza National Bank, made nine $10,000 loans which were guaranteed by John Monfrey in February and March of 1977 during his unsuccessful campaign for election as Mayor of the City of San Antonio. The Bank's president admitted in his oral deposition that he knew the loans were to assist John Monfrey and "it was obvious that it was probably for his election campaign." After John Monfrey died, his estate refused to pay these debts, and the Bank sued Defendants: Frank Monfrey for a principal balance of $5,500; Anthony Monfrey for $5,500; Terry E. Downs for $5,000; and Henry M. Hunter, Jr. for $6,000. Summary judgment was rendered for the Bank for the balance due from each Defendant plus interest and attorney fees. Defendants appeal.[1] We reverse and remand.

Defendants' first point of error, that the trial court erred in granting the summary judgment, is sustained because the summary judgment proof shows a genuine issue of material fact as to whether the Bank's loans were unlawful.

The Texas Legislature amended the Texas Election Code in 1973, 1975, and 1977. The loans in question are governed by the 1975 version, Acts 1975, 64th Leg., p. 2262, ch. 711, which provides in pertinent part as follows (then Art. 14.07, now Art. 14.06):

(A) ... it is unlawful for any corporation (including a bank) ... to make a contribution or expenditure ... except as herein expressly provided.

(B) ...

(C) ... the phrase "contribution or expenditure" shall also include giving, *lending*, or paying any money or other thing of value, directly or *indirectly*, to any candidate, or political committee, campaign treasurer, assistant campaign treasurer, or any other person, for the purpose of aiding or defeating the nomination or election of any candidate ...; provided, however, that nothing in this section ... shall prevent the making of a loan or loans to any candidate ... by any corporation which is legally engaged in the business of lending money *and which has conducted such business continuously for more than one year prior to the making of such loan*, provided the loan is made in the due course of business and is not directly or indirectly a contribution.... (emphasis added)

This language was not changed by the 1977 amendment. *Hogue v. National Bank of Commerce of San Antonio*, 562 S.W.2d 291 (Tex.Civ.App.—Eastland 1978, writ ref'd n. r. e.), is not in point because there was no proof in that case that the Bank had been in business less than one year when the loans were made to the Good Government League.

The Bank President's oral deposition shows that Plaza National Bank "opened in May of '76." This was less than one year before the loans were made in February and March of 1977. Consequently, the statutory exception is not applicable. There is a fact issue as to whether these loans were "indirectly" made to John Monfrey for his election campaign and, therefore, subject to the rule stated in *International Aircraft*

---

1. Defendants' cross-action against the Estate of John Monfrey, Deceased, was severed and docketed as a separate cause; therefore, the Bank's judgment is appealable.

*Sales, Inc. v. Betancourt*, 582 S.W.2d 632, at 635 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.), that:

> (P)romissory notes given in connection with a contract which is illegal are ordinarily not enforceable as between the parties to such instruments.

The summary judgment is reversed, and the cause is remanded.