SAVIN CORPORATION, Appellant,

v.

COPY DISTRIBUTING CO., INC., and Wayne Marcy, Appellees.

No. 13–86–097–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Ross S. Crossland, Charles Scholz, San Antonio, for appellant.

A.W. Worthy, Gresham, Davis, Gregory, Worthy & Moore, San Antonio, for appellees.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment. Appellant Savin Corporation sued appellee Copy Distributing Company for collection of a debt and joined appellee Wayne Marcy as guarantor. Appellees jointly moved for summary judgment, claiming that Copy Distributing's dealership contracts with Savin were void and unenforceable under Texas antitrust law. The motion was granted, and judgment was rendered that appellant take nothing.

Savin and Copy Distributing entered into two written contracts on May 17, 1979. The two contracts are virtually identical, except that one applies to "System 600" Savin plain paper copiers and the other to "700 Series" copiers. By these contracts, Savin agreed to sell to Copy Distributing copiers, parts, and supplies for Copy Distributing to sell "at retail." Paragraph 3(a) of both contracts provides in part that Copy Distributing will sell the Savin products "only to bona fide retail end users." Appellees asserted this provision in their motion for summary judgment.

■ A contract calling for performance in violation of Texas antitrust laws will not be enforced. *M.I.I., Inc., v. E.F.I., Inc.*, 550 S.W.2d 401, 404 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.), *cert. denied*, 435 U.S. 1008, 98 S.Ct. 1879, 56 L.Ed.2d 390 (1978); *see Sherrard v. After Hours, Inc.*, 464 S.W.2d 87, 89 (Tex. 1971). The provision in paragraph 3(a) of the dealership contracts requiring Copy Distributing to sell only to retail purchas-ers was a violation of Texas antitrust laws. The statute in effect at the time condemned contracts that allow a party, as seller, to restrict its purchaser's subsequent rights of resale. *Llewellyn v. Borin*, 569 S.W.2d 946, 949–50 (Tex.Civ.App.—Texarkana 1978, no writ); *Pram Laboratories, Inc. v. Pram Laboratories-South, Inc.*, 445 S.W.2d 533, 536 (Tex.Civ.App.—Dallas 1969, no writ). Restricting a purchaser from engaging in a lawful business is also illegal under the antitrust statute as it existed during these parties' dealings. *Graphilter Corp. v. Vinson*, 518 S.W.2d 952, 954 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.). The contract expressly and unambiguously prohibited Copy Distributing from acting as a wholesale distributor.

■ Appellant Savin argues that, even if there is a violation under the former antitrust statutes, the 1983 revision of Texas antitrust law should control our analysis of the dealership contracts. Savin cites § 3.11(b) of the Code Construction Act,[1] which provides:

> If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment (if not already imposed) shall be imposed according to the statute as amended.

This provision, according to Savin, means that the amended antitrust statute, effective August 29, 1983, should govern the summary judgment entered on July 16, 1985. We agree with appellant that antitrust laws have penal characteristics. *See Ford Motor Co. v. State*, 142 Tex. 5, 175 S.W.2d 230, 233 (1943); *State v. Fairbanks-Morse & Co.*, 246 S.W.2d 647, 654 (Tex.Civ.App.—Dallas 1951, writ ref'd n.r.e.); *see also Hogue v. National Bank of Commerce*, 562 S.W.2d 291, 292–93 (Tex. Civ.App.—Eastland 1978, writ ref'd n.r.e.). However, the Code Construction Act is only an aid in construing statutory amend-

---

1. Code Construction Act, ch. 455, § 3.11(b), 1967 Tex.Gen.Laws 1036, 1039, *repealed by* Act of June 11, 1985, ch. 479, § 224, 1985 Tex. Sess.Law Serv. 3202, 3362 (Vernon) (now codified as TEX.GOV'T CODE ANN. § 311.031(b) (Vernon Pamphlet 1986).

ments; it is not to be construed as engrafting substantive provisions onto subsequent legislation. *Thiel v. Harris County Democratic Executive Committee*, 534 S.W.2d 891, 894 (Tex.1976). The Act merely provides rules of construction that are subordinate to the intent of the legislature as expressed in the act being construed.

The amended antitrust act continues to provide, "Every contract ... in restraint of trade or commerce is unlawful." TEX. BUS. & COM.CODE ANN. § 15.05(a) (Vernon Supp.1986). Whether the contract is an unlawful restraint of trade is a matter of substantive law. The general rule is that the laws which are in existence at the time of the making of the contract are impliedly incorporated into the contract. To this we agree. *Estate of Griffin v. Sumner*, 604 S.W.2d 221, 230 (Tex.Civ.App. —San Antonio 1980, writ ref'd n.r.e.).

Appellant Savin contends that, even if Copy Distributing is not liable on the contract, then appellee Wayne Marcy is liable on his guaranty agreement. Unless the contract provides otherwise, the liability of the guaranty is measured by the liability of the principal. If the principal is not liable, then the guarantor may not be held. *Walter E. Heller & Co. v. Allen*, 412 S.W.2d 712, 721 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.); *see Hercules Exploration, Inc. v. Halliburton Co.*, 658 S.W.2d 716, 724 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

In *Massachusetts Bonding & Insurance Co. v. Gottlieb*, 15 S.W.2d 1020 (Tex. Comm'n App.1929, judgmt adopted), a surety was sued when the bonded party embezzled funds from an illegal lottery. The commission held, "If defendants in error require any aid from the illegal contract to establish their case, they should not be permitted to recover.... To hold otherwise would place the courts in the unenviable position of enforcing the provisions of an unlawful contract." A guaranty based on an illegal contract is as unenforceable as the contract itself. *See id.; Graphilter Corp. v. Vinson*, 518 S.W.2d at 955.

The judgment of the trial court is affirmed.