**SOUTHWEST HEALTH PLAN, INC.**
**and Aetna Health Plans of**
**Texas, Inc., Appellant,**

v.

**Terry L. SPARKMAN, Appellee.**

**No. 2–95–281–CV.**

Court of Appeals of Texas,
Fort Worth.

March 14, 1996.

Rehearing Overruled April 25, 1996.

John B. Shely, Dimitri Zgourides, Andrews & Kurth, L.L.P., Houston, for appellant.

C. Douglas Calvert, Lynch & Calvert, Dallas, for appellee.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

Appellants Southwest Health Plan, Inc. and Aetna Health Plans of Texas, Inc. pursue the instant interlocutory appeal following the trial court's overruling of a Motion to Compel Arbitration. Because we find the action of the trial court constitutes an abuse of discretion, we reverse and remand for further proceedings in accordance with this opinion.

## BACKGROUND

Appellants entered into an agreement with the Texas Department of Highways and Public Transportation, through the Employees' Retirement System of Texas, to provide health insurance coverage for its employees. Appellee Terry Sparkman, an employee of the Department of Transportation, signed up for health insurance coverage for himself and his son, Tyson Sparkman. In late September of 1989, Tyson became ill and was transferred to Littlest Angels, Inc., an Arlington, Texas facility for terminally ill children. Appellants denied claims submitted by Sparkman for Tyson's care, and on May 3, 1995, Sparkman filed suit over the denial of benefits [1].

---

**1.** In his Second Amended Petition, filed after the hearing on the Motion to Compel Arbitration,

Appellants filed a Motion to Compel Arbitration and attached a copy of the arbitration clause included in the health plan. Sparkman, in response, contended that the arbitration provision in the health plan is unconscionable. He also asserted that his claims were for personal injury and therefore not subject to arbitration. The trial court conducted an evidentiary hearing on October 12, 1995, and it overruled Appellants' Motion to Compel Arbitration by written order on November 16, 1995.

## POINT OF ERROR

Appellants contend the trial court abused its discretion by overruling their Motion to Compel Arbitration because all of Sparkman's claims are subject to arbitration under the health plan. Appellants' argument is fourfold: (1) every reasonable presumption favoring arbitration must be accepted; (2) all of Sparkman's claims are subject to arbitration; (3) Sparkman presented no evidence that the agreement was unconscionable at the time it was made; and (4) Sparkman was not entitled to an evidentiary hearing on the Motion to Compel Arbitration because Sparkman failed to raise a disputed material fact in his response.

Sparkman concedes that an arbitration clause is contained in the health plan between appellants and the Department of Highways, but he maintains that he was not a party to the agreement and that he did not receive a copy of the agreement at the time he signed up for insurance coverage. He avers that the trial court was within its discretion to conduct the October 12, 1995 evidentiary hearing, that as applied to him, the arbitration clause was unconscionable, and that the trial court's denial of arbitration as to his personal injury claims was proper.

■■■ To determine whether a trial court abused its discretion, we must decide "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990). Under an abuse

of discretion standard, legal and factual insufficiency are relevant factors in assessing whether the trial court abused its discretion. *See Beaumont Bank v. Buller,* 806 S.W.2d 223, 226 (Tex.1991); *D.R. v. J.A.R.,* 894 S.W.2d 91, 95 (Tex.App.—Fort Worth 1995, writ denied) (op. on reh'g); *In re Driver,* 895 S.W.2d 875, 877 (Tex.App.—Texarkana 1995, no writ); *Mai v. Mai,* 853 S.W.2d 615, 618 (Tex.App.—Houston [1st Dist.] 1993, no writ). Merely because a trial judge may decide a matter within its discretion in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion occurred. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■■■ An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978); *Kirkpatrick v. Memorial Hosp. of Garland,* 862 S.W.2d 762, 776 (Tex.App.—Dallas 1993, writ denied). Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

Appellants' health plan contains the following specific provision regarding arbitration:

This Part is subject to the Texas Arbitration Act, Articles 224–238, V.A.T.S. In the event of *any dispute or controversy* concerning the construction, interpretation, performance or breach of this Agreement arising between the Employer, a Subscriber or Family Member or the heir-at-law or personal representative of such person, as the case may be, and SOUTHWEST or any IPA, Contracting Physician or Contracting Hospital, such dispute or controversy shall be submitted to arbitration. [Emphasis added.]

■■■ Arbitration is strongly favored under federal and state law. *Prudential Sec.*

Sparkman alleged breach of contract, fraud, fraudulent concealment, misrepresentation, breach of the duty of good faith and fair dealing,

violations of the Deceptive Trade Practices Act, and Tex.Ins.Code Ann. art. 21.21 (Vernon 1981 & Supp.1996).

*Inc. v. Marshall*, 909 S.W.2d 896 (Tex.1995) (orig. proceeding). Every reasonable presumption favoring arbitration will be accepted. *D. Wilson Constr. Co., Inc. v. McAllen ISD*, 848 S.W.2d 226, 231 (Tex.App.—Corpus Christi 1992, writ dism'd w.o.j.). Such a presumption is particularly applicable where, as here, the clause provides for any controversy or claim arising out of or relating to the contract. *See Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 230 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (*citing AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986)). Although Sparkman correctly notes that the above authority involves situations where individuals or businesses signed the contracts containing the arbitration clause, he does not provide for us, nor have we found, any authority indicating that the presumption supporting arbitration is somehow weakened where the litigant is a third-party beneficiary of, rather than a party to, the contract containing such a clause.

▇ We disagree with Sparkman's contention that his tort claims are personal injuries and therefore not subject to arbitration. Our Texas Supreme Court has made it clear that where tort claims are so interwoven that they cannot stand alone, an arbitration clause will encompass those claims as well as the ones for breach of contract. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 270–71 (Tex.1992) (orig. proceeding). Sparkman complains that appellants breached their contractual duty to provide coverage for Tyson's medical expenses, and Sparkman's claims for fraud, fraudulent concealment, misrepresentation, bad faith, DTPA violations, and violations of the Texas Insurance Code all relate to the contractual dispute. As a result, they are subject to arbitration.

▇ Sparkman argues that the arbitration clause was unconscionable as applied to him. Appellants concede that the health plan was signed by it and by the Department of Highways, and Sparkman claims he never received a copy of the agreement. He maintains that the four-page long Summary of Benefits is silent as to arbitration and that appellants are trying to take away his day in court by virtue of a contract that he never saw and never agreed to.

▇ Although Sparkman urges us to examine whether the agreement was unconscionable under the facts of this situation, the relevant issue under the Texas General Arbitration Act is whether an arbitration agreement is unconscionable at the time the agreement is made. *See* Tex.Civ.Prac. & Rem.Code Ann. § 171.001 (Vernon Supp. 1996). It was Sparkman's burden to rebut the presumption favoring arbitration. *See Prudential*, 909 S.W.2d at 900. Sparkman presented no evidence that the agreement was unconscionable when made and, as a result, failed to rebut the presumption. Additionally, Sparkman admitted having received the Summary of Benefits shortly after enrolling in the health plan, and the Summary of Benefits included the following:

> This summary is for information purposes only therefore, do not rely on the summary alone. IT IS NOT A CONTRACT. For a detailed and precise statement of benefits and exclusions, please refer to your Group Hospital and Professional Agreement.

Thus, the benefits summary Sparkman received stated that it was not a contract and referred to exclusions. Although we cannot see why appellants could not have referred specifically to the arbitration provision in this benefits summary, we also conclude that Sparkman could easily have obtained a copy of the health plan after having enrolled in the program.

▇ A court deciding a motion to compel arbitration must determine whether the parties agreed to arbitrate, and, if so, the scope of the arbitration agreement. *Smith Barney Shearson, Inc. v. Finstad*, 888 S.W.2d 111, 114 (Tex.App.—Houston [1st Dist.] 1994, no writ) (citing *Merrill Lynch, Pierce, Fenner & Smith v. Longoria*, 783 S.W.2d 229, 230 (Tex. App.—Corpus Christi 1989, no writ)). Two questions must be decided: (1) Was there an agreement to arbitrate?; (2) Does the agreement encompass the claims asserted? *Smith Barney*, 888 S.W.2d at 114 (*citing Merrill Lynch, Pierce, Fenner & Smith v. Eddings*, 838 S.W.2d 874, 878 (Tex.App.—Waco 1992, writ denied)). If the court answers these

two questions affirmatively, it must compel arbitration. *Smith Barney*, 888 S.W.2d at 114 (*citing Merrill Lynch*, 838 S.W.2d at 878).

The trial court abused its discretion when it erroneously denied appellants' Motion to Compel Arbitration. Because we have reached this conclusion, any discussion on the propriety of the trial court's evidentiary hearing would be dicta.

The order of the trial court is reversed, and this matter is remanded to the trial court with an order to grant the motion to compel arbitration and to stay all proceedings pending arbitration.