TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00388-CV






Nationwide of Bryan, Inc. d/b/a 


Nationwide Housing Systems, Inc., Appellant


v.



Darrell D. Dyer and Sherry Dyer, Appellees






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 25,358, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING 







 The main issue presented in this appeal is whether an arbitration agreement is valid and
enforceable when signed by only one spouse. Darrell and Sherry Dyer, who are husband and wife, sued
Nationwide of Bryan, Inc. for breach of contract and express warranties as well as for violations of the
Texas Deceptive Trade Practices and Consumer Protection Act (DTPA) based on their purchase of an
allegedly defective mobile home claimed as their homestead. Nationwide filed a motion to compel
arbitration which was denied by the trial court. (1) In four points of error, appellant challenges the trial court's
interlocutory order. (2) We will reverse.

FACTUAL AND PROCEDURAL BACKGROUND

 At all relevant times, appellees Darrell and Sherry Dyer were married. In March 1995,
the Dyers bought a 1994 mobile home from appellant Nationwide. The retail installment contract (the
"sales contract") contained an arbitration provision in which both the buyer and seller agreed to submit to
binding arbitration any controversy arising out of the purchase and repair of the home. Darrell signed the
sales contract and the arbitration addendum; Sherry did not sign either agreement.

 In early 1996, the Dyers began experiencing problems with the mobile home and made a
written demand to Nationwide for relief in July 1996. Nationwide responded to the Dyers, and the parties
engaged in discussions over the problems. Appellees sent out two other demand letters in October and
December 1996; they acknowledge that Nationwide made some efforts to repair the mobile home during
this time. Days before the statute of limitations ran, the Dyers filed suit against appellant for breach of
contract, breach of express warranties, and violations of the DTPA. See Tex. Bus. & Com. Code Ann.
§ 17.50 (West 1987 & Supp. 1998). Two months later, pursuant to the arbitration agreement, Nationwide
requested the appellees to submit to arbitration. After the Dyers refused, Nationwide filed its motion to
compel arbitration which the trial court denied. The court did not state any grounds for its order. This
appeal followed.


DISCUSSION

 In deciding a motion to compel arbitration, the court must look at two issues: (1) is there
a valid arbitration agreement; and (2) does the agreement encompass the claim. Merrill, Lynch, Pierce,
Fenner & Smith v. Eddings, 838 S.W.2d 874, 878 (Tex. App.--Waco 1992, writ denied). In Texas,
every reasonable presumption must be decided in favor of arbitration. See Fridl v. Cook, 908 S.W.2d
507, 511 (Tex. App.--El Paso 1995, no writ). Once a party to a suit comes forward with a presumptively
valid arbitration agreement, the court must order the parties to arbitrate. Pepe Int'l Dev. Co. v. Pub
Brewing Co., 915 S.W.2d 925, 929 (Tex. App.--Houston [1st Dist.] 1996, no writ).

 If a party denies the existence of the agreement to arbitrate, the court shall proceed
summarily to determine the issue. See Tex. Civ. Prac. & Rem. Code Ann. § 171.002(a) (West 1997). 
In this case, all parties concede the arbitration agreement clearly encompasses the Dyers' claim. However,
the Dyers claim Sherry's failure to sign the arbitration addendum renders the contract invalid. Alternatively,
the Dyers claim Nationwide waived its right to arbitrate.

 Because no evidence other than the sales contract and arbitration provision in question was
introduced at the hearing on the motion to compel, there are no factual questions in dispute. The only issue
before us is the trial court's legal interpretation of the arbitration clause; accordingly, we conclude that de
novo review is appropriate in this case. See BDO Seidman v. Miller, 949 S.W.2d 858, 860 (Tex.
App.--Austin 1997, writ dism'd w.o.j.); Fridl, 908 S.W.2d at 511.

 Darrell signed both the sales contract and arbitration addendum; Sherry signed neither. 
We find the absence of her signature has no legal significance due to her status as a third-party beneficiary. 
Appellees readily concede Sherry's status as a third-party beneficiary from which she derives her standing
to sue on the contract and her presence in this appeal. As a third-party beneficiary, Sherry is bound by
the terms of the sales contract, including the arbitration agreement. See Southwest Health Plan, Inc. v.
Sparkman, 921 S.W.2d 355, 358 (Tex. App.--Fort Worth 1996, no writ) (when insurance contract
contained arbitration provision, third-party beneficiary to contract was compelled to arbitrate though
beneficiary never signed contract); see also Stonewall Ins. Co. v. Modern Exploration Inc., 757 S.W.2d
432, 434-35 (Tex. App.--Dallas 1988, no writ) (third-party beneficiary "steps into shoes" of contracting
party and is subject to all provisions of contract). Additionally, because Sherry's claims are so closely
connected to and intertwined with her husband's, she is bound to the arbitration as a matter of contract law. 
See Fridl, 908 S.W.2d at 514. While attempting to enforce the terms of the sales contract, Sherry cannot
pick and choose which provisions apply; she is bound by all the contract terms. Id.


The Homestead Exemption

 Notwithstanding Sherry's status as a third-party beneficiary, the Dyers claim that because
the mobile home is part of their homestead, the arbitration agreement is invalid absent the signatures of both
spouses. Even assuming the mobile home is a part of their homestead, their argument fails fundamentally. 
The Texas Constitution provides special protections for the homestead, separate and distinct from those
protections given other types of property. Tex. Const. art. XVI, § 50. However, the Constitution
specifically allows purchase money, tax, and home improvement liens to be placed on the homestead. Id. 
The signatures of both spouses are required only when a home improvement lien is signed on an existing
homestead. Id. That requirement does not apply here: the arbitration agreement is not part of a home
improvement contract. Instead, the contract with Nationwide is a purchase money contract, clearly
enforceable without Sherry's signature under the Texas Constitution. Under Minnehoma Financial Co.
v. Ditto, 566 S.W.2d 354 (Tex. Civ. App.--Fort Worth 1978, writ ref'd n.r.e.), even if Nationwide sought
to enforce the purchase money lien, the contract would not require both spouses' signatures. Thus, the
Dyers' first claim fails as a matter of law.

 Additionally, the Dyers claim that the arbitration agreement is an "encumbrance" upon their
homestead. Again, assuming the mobile home is part of the couple's homestead, the argument fails. An
encumbrance is a right to, or interest in, property; it diminishes the value of the homestead and constitutes
a burden on its transfer. See Black's Law Dictionary 527 (6th ed. 1990). By enforcing the arbitration
agreement, Nationwide has gained no right or interest in the mobile home. The provision does not diminish
the value of the mobile home, nor does it burden the transfer of title. The arbitration addendum is not an
encumbrance. The provision merely provides a procedural avenue to resolve disputes. Accordingly, the
Dyers' second claim fails as a matter of law.

 We hold the arbitration agreement at issue is valid and enforceable; we sustain appellant's
first point of error.


Waiver

 The Dyers next assert that Nationwide waived its right to enforce the arbitration agreement. 
Whether a party has waived its right to arbitrate presents a question of law which we review de novo. See
Houston Lighting & Power Co. v. City of San Antonio, 896 S.W.2d 366, 370 (Tex. App.--Houston
[1st Dist.] 1995, dism'd w.o.j.); Fridl, 908 S.W.2d at 511. Texas courts indulge every reasonable
presumption in favor of arbitration, see Fridl, 908 S.W.2d at 511; waiver is highly disfavored. EZ Pawn
Corp. v. Mancias, 934 S.W.2d 87, 89 (Tex. 1996). Any waiver of the right to arbitrate must be
intentional, and the party attempting to prove waiver bears a heavy burden. Id. at 89-90. When litigation
has already begun, waiver will be found only if the party seeking arbitration has substantially invoked the
judicial process to the other party's detriment. Id. at 89.

 At oral argument, appellees alleged that Nationwide substantially invoked the judicial
process through various means of delay which forced the Dyers to file suit. This argument is without merit. 
The Dyers first complained to Nationwide of certain defects in July 1996. Nationwide responded, and the
parties engaged in negotiations. Over the next few months, the Dyers complained twice more, and
Nationwide made some efforts to repair the home. Unsatisfied, the Dyers brought suit in March 1997. 
Nationwide made its demand for arbitration within two months after suit was filed. 

 The Dyers claim that by engaging in pre-litigation negotiations and efforts to settle,
Nationwide delayed its demand for arbitration, resulting in the waiver of Nationwide's right to arbitrate. 
However, it is well established that parties to a dispute are free to undergo efforts to resolve the complaint. 
See Southwest Indus. Import & Export, Inc. v. Wilmod Co., 524 F.2d 468, 470 (5th Cir. 1975); D.
Wilson Constr. Co. v. McAllen Indep. Sch. Dist., 848 S.W.2d 226, 230 (Tex. App.--Corpus Christi
1992, writ dism'd w.o.j.). Accordingly, Nationwide was under no obligation to assert its right to arbitration
before suit was filed by Dyers. Pre-litigation efforts to negotiate can never be viewed as delay; to hold
otherwise would undermine any efforts to resolve a dispute short of trial. Furthermore, invoking arbitration
two months after suit is commenced does not constitute delay as a matter of law. See D. Wilson Constr.
Co., 848 S.W.2d at 230. 

 Essentially, the Dyers seem to claim that by forcing them to file suit, Nationwide has
substantially invoked the judicial process. The Dyers misconstrue the nature of waiver. To substantially
invoke the judicial process a party must make a specific and deliberate act after suit has been filed that is
inconsistent with its right to arbitrate, such as engaging in extensive discovery or requesting a jury. (3) EZ
Pawn, 934 S.W.2d at 89. There was no such action by Nationwide. The Dyers filed suit and Nationwide
answered as required by law. See id. at 90 (holding that defendant's answer to petition does not
substantially invoke judicial process). 

 Furthermore, Texas law is clear that delay alone does not constitute waiver. Prudential
Sec. Inc. v. Marshall, 909 S.W.2d 896, 898 (Tex. 1995). At a hearing on a motion to compel arbitration,
there must be an independent showing of prejudice to the nonmovant. Id. at 899. The Dyers argue that
Nationwide's delay in settlement negotiations forced them to file suit days before the statute of limitations,
to the Dyers' prejudice. As discussed above, there is no evidence of culpable delay on the part of
Nationwide; its right to negotiate was absolute. See Southwest Indus. Import & Export. Inc., 524 F.2d
at 470; D. Wilson Constr. Co., 848 S.W.2d at 230. Filing suit to avoid losing the right to sue does not
demonstrate prejudice. Accordingly, the Dyers suffered no prejudice by Nationwide's actions.

 Appellant did not waive its right to arbitrate; we sustain Nationwide's second point of error. 
Having found a valid and enforceable arbitration agreement that encompasses the claims at issue, we hold
the trial court should have granted the motion to compel arbitration. See Pepe Int'l Dev. Co., 915 S.W.2d
at 929; Eddings, 838 S.W.2d at 878. We need not reach appellant's remaining points of error.


CONCLUSION

 We reverse and remand to the trial court with instructions to grant appellant's motion to
compel arbitration.



 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Reversed and Remanded

Filed: May 7, 1998 

Publish

1. Appellees also sued Silhouette Homes under the same claims. Silhouette then joined the motion to
compel arbitration which was denied. Although Silhouette filed a notice of appeal, it was untimely, and this
Court overruled Silhouette's motion to include it as a party to this appeal. Accordingly, Silhouette Homes
is not a party to this appeal.
2. An appeal may be taken from an order denying an application to compel arbitration. See Texas
General Arbitration Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 171.002, .017(a)(1) (West 1997).
3. We note here that Silhouette Homes requested a jury trial after the Dyers filed suit. At that time,
Nationwide was a co-defendant. Because Silhouette is not a party to this appeal and the Dyers concede
that Silhouette's jury demand is not at issue, we conclude Silhouette's actions do not affect our
determination.


ies to a dispute are free to undergo efforts to resolve the complaint. 
See Southwest Indus. Import & Export, Inc. v. Wilmod Co., 524 F.2d 468, 470 (5th Cir. 1975); D.
Wilson Constr. Co. v. McAllen Indep. Sch. Dist., 848 S.W.2d 226, 230 (Tex. App.--Corpus Christi
1992, writ dism'd w.o.j.). Accordingly, Nationwide was under no obligation to assert its right to arbitration
before suit was filed by Dyers. Pre-litigation efforts to negotiate can never be viewed as delay; to hold
otherwise would undermine any efforts to resolve a dispute short of trial. Furthermore, invoking arbitration
two months after suit is commenced does not constitute delay as a matter of law. See D. Wilson Constr.
Co., 848 S.W.2d at 230. 

 Essentially, the Dyers seem to claim that by forcing them to file suit, Nationwide has
substantially invoked the judicial process. The Dyers misconstrue the nature of waiver. To substantially
invoke the judicial process a party must make a specific and deliberate act after suit has been filed that is
inconsistent with its right to arbitrate, such as engaging in extensive discovery or requesting a jury. (3) EZ
Pawn, 934 S.W.2d at 89. There was no such action by Nationwide. The Dyers filed suit and Nationwide
answered as required by law. See id. at 90 (holding that defendant's answer to petition does not
substantially invoke judicial process). 

 Furthermore, Texas law is clear that delay alone does not constitute waiver. Prudential
Sec. Inc. v. Marshall, 909 S.W.2d 896, 898 (Tex. 1995). At a hearing on a motion to compel arbitration,
there must be an independent showing of prejudice to the nonmovant. Id. at 899. The Dyers argue that
Nationwide's delay in settlement negotiations forced them to file suit days before the statute of limitations,
to the Dyers' prejudice. As discussed above, there is no evidence of culpable delay on the part of
Nationwide; its right to negotiate was absolute. See Southwest Indus. Import & Export. Inc., 524 F.2d
at 470; D. Wilson Constr. Co., 848 S.W.2d at 230. Filing suit to avoid losing the right to sue does not
demonstrate prejudice. Accordingly, the Dyers suffered no prejudice by Nationwide's actions.

 Appellant did not waive its right to arbitrate; we sustain Nationwide's second point of error. 
Having found a valid and enforceable arbitration agreement that encom