In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00110-CR


______________________________




ALTHEA NANETTE JORDAN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 76th Judicial District Court


Camp County, Texas


Trial Court No. CF-01-7252




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Althea Nanette Jordan appeals from her conviction on her plea of guilty for the offense of
delivery of a controlled substance. She was charged separately in two indictments, which were tried
together. The jury assessed her punishment at fifty years' imprisonment and a fine of $5,000.

 Counsel has filed a brief in this case in which he reviews the record and sets out five arguable
points of error, but then concludes after analysis that those points cannot be meritorious. He then
concluded that the appeal was frivolous. Texas courts have adopted the framework outlined in
Anders (1) and its progeny by requiring an appointed attorney who concludes that his client's appeal is
without merit (1) to file a motion to withdraw in the court of appeals; (2) to file an Anders brief in
support of the motion; (3) to send his client a copy of the brief; (4) to inform his client of his right
to file a pro se response; and (5) to inform his client of his right to review the record and of the
procedures for obtaining a copy of the record. See Wilson v. State, 40 S.W.3d 192, 196-97 (Tex.
App.-Texarkana 2001, no pet. h.). Those requirements have been met in this case.

 We have reviewed the appellate record. We agree with counsel that the record shows
affirmatively that her pleas to the charge and enhancement allegations were made knowingly and
voluntarily, that proper admonishments were made by the trial court, that the sentence was within
the proper range of punishment, and that there is nothing in the record to support Jordan's position
that she believed one of the jurors could not read or write or that he was intoxicated during the
proceedings.

 We agree with counsel that the appeal is without merit. 

 The judgment of the trial court is affirmed.




 Ben Z. Grant

 Justice


Date Submitted: April 16, 2002

Date Decided: April 17, 2002


Do Not Publish
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



d to
TIG/Riverstone. The order imposes a time limitation of seven days for TIG/Riverstone's review,
with the inspection of the files to occur at a mutually agreeable location. It also provides that all
parties are permitted to have a representative present to monitor the inspection. 

 We grant the extraordinary relief of mandamus only when the trial court has clearly abused
its discretion and the relator lacks an adequate appellate remedy. In re Team Rocket, L.P., No. 06-0414, 2008 Tex. LEXIS 501 (Tex. May 23, 2008). (2) The test applied to determine whether a trial
court acted within the scope of its discretion is simply whether the judge acted without reference to
guiding rules and principles--whether the act was arbitrary and unreasonable. Worford v. Stamper,
801 S.W.2d 108, 109 (Tex. 1990); Sw. Health Plan, Inc. v. Sparkman, 921 S.W.2d 355, 357 (Tex.
App.--Fort Worth 1996, no writ). Mandamus will issue to correct a discovery order when the
mandamus record establishes that the order constitutes a clear abuse of discretion and there is no
adequate remedy by appeal. In re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998). A trial
court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently,
when it acts without reference to guiding rules and principles. Id. Mandamus is an appropriate
means to seek to protect confidential documents from discovery. In re Living Ctrs. of Tex., Inc., 175
S.W.3d 253, 256 (Tex. 2005); In re Crestcare Nursing & Rehab. Ctr., 222 S.W.3d 68, 72 (Tex.
App.--Tyler 2006, orig. proceeding).

 In the dispute giving rise to the lawsuit, Beirne filed suit to recover fees for which it had
invoiced the real parties. It now attempts to prevent the real parties from examining documentation
underlying those invoices--to determine whether they are accurate--and which is the critical
defensive issue in the lawsuit. This constitutes an offensive use of what Beirne categorizes as work-product privilege. Simply put, you cannot deny a party the right to review documents supporting
your claim for reimbursement. (3) 

 Beirne argues that we should vacate the trial court's order because it (in violation of Tex. R.
Civ. P. 196.7) compels Beirne to submit to a compulsory entry onto its premises. As previously
noted, it does not. It orders the inspection either on their premises or at another location.

 Beirne argues that we should vacate the trial court's order because the ordered production is
"overbroad and unduly burdensome," requiring it to make available "massive amounts of its
documents and 'files,' with no showing of relevance . . . ." These are issues based on factual
determinations by the trial court. Based on Beirne's representations as to the vast quantities of
records which it generated in the defense of U.S. Silica and which are now stored, the court's order
is very narrowly crafted. It restricts the amount of discovery to a (still substantial, but relatively)
minimal level. (4) We cannot agree that the quantity of discovery ordered is of such a nature as to
implicate any of these concepts under these facts, or that the court abused its discretion by crafting
this order in the way that it did.

 Beirne argues that we should vacate because the order directs disclosure of privileged
documents as "core work product and non-core work product." Beirne argues, without citation to
controlling authority, that some types of privilege including core work product may remain protected
(despite the waiver executed by the client). (5) The court has explicitly provided for that eventuality
by directing Beirne to remove and log such materials. See Tex. R. Civ. P. 192.5(b); In re Hicks, 252
S.W.3d 790, 797 (Tex. App.--Houston [14th Dist.] 2008, orig. proceeding).

 Beirne also suggests that the court utilized the wrong rule in ordering discovery under Rule
196.7 (entry upon property), instead of a request for production under Rule 196.1. In support of its
argument, Beirne cites Belcher v. Bassett Furniture Industries, Inc., 588 F.2d 904 (4th Cir. 1978),
In re Fuljenz Marketing Corp., No. 09-06-324-CV, 2006 Tex. App. LEXIS 9188 (Tex.
App.--Beaumont Oct. 26, 2006, orig. proceeding), and In re Kimberly-Clark Corp., 228 S.W.3d 480
(Tex. App.--Dallas 2007, orig. proceeding). Each of those cases is distinguishable.

 In Belcher, the trial court authorized a designated expert to generally roam around the plant
and make any inquiries he deemed appropriate to obtain evidence. In Fuljenz, the order allowed
entry onto the premises to attempt to locate and obtain evidence of fraud. Finally, in Kimberly-Clark, the order allowed environmental testing of a plant to discover evidence of contaminants
known at the time of the sale of real estate. In each of these cases, the courts found that the
requesting party should engage in normal methods of discovery such as document production and
depositions.

 Here, the trial court's order is not a specific order for entry onto the premises pursuant to Rule
196.7, but is an order requiring production of documents--the subject of the hearing. The
documents were to be inspected "where the files are generally maintained by BMP, or at a mutually
agreeable location." We believe this order is within the discretion of the trial court and, in any event,
essentially grants much of the relief Beirne is now requesting. Any entry onto Beirne's premises is
simply incidental to the production of documents and may be avoided altogether if the parties agree
upon another site for such inspection. 

 As the trial court explicitly recognized when this argument was raised below, in this instance,
there is no viable distinction in the type of relief granted, as the burden to Beirne to comply would
be identical in either case. The order is not based on the language of the particular underlying
request, and Beirne has directed this Court to no authority suggesting that we should disregard the
substance of the requests as they were made to the trial court in order to focus instead on the form
of those requests. We decline to do so.

 We set aside our temporary stay of the proceedings below. We deny the petition.



 PER CURIAM


Date Submitted: July 17, 2008

Date Decided: July 18, 2008
1. We note that a confidentiality agreement is part of the mandamus record, which indicates
that the client has agreed to allow its insurer to review confidential information in the files. As set
out therein, U.S. Silica has agreed to provide the confidential information, while maintaining the
confidentiality of the information.
2. The traditional formulation states that we may issue a mandamus only when the mandamus
record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the
absence of a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994);
Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). 
3. The offensive use doctrine generally states that when a party seeks affirmative relief against
another, it cannot maintain the action and at the same time utilize privileges that protect critical
material from discovery. See Tex. Dep't of Pub. Safety Officers Ass'n v. Denton, 897 S.W.2d 757,
761 (Tex. 1995); JDN Real Estate-McKinney L.P., 211 S.W.3d 907 (Tex. App.--Dallas 2006, orig.
proceeding). A plaintiff cannot use one hand to seek affirmative relief in court and with the other,
lower an iron curtain of silence against otherwise pertinent and proper questions which may have
a bearing upon his right to maintain his action. Ginsberg v. Fifth Court of Appeals, 686 S.W.2d 105,
108 (Tex. 1985). The attorney-client privilege can be waived by the offensive use of it. Republic
Ins. Co. v. Davis, 856 S.W.2d 158, 163 (Tex. 1993); In re Sw. Airlines Co., 155 S.W.3d 622, 624
(Tex. App.--San Antonio 2004, orig. proceeding).
4. In re Kuntz, 124 S.W.3d 179, 181 (Tex. 2003) (orig. proceeding); In re CSX Corp., 124
S.W.3d 149, 152 (Tex. 2003) (orig. proceeding); In re Tex. Natural Res. Conservation Comm'n, 85
S.W.3d 201, 207 (Tex. 2002) (orig. proceeding); In re Univ. of Tex. Health Ctr. at Tyler, 198 S.W.3d
392, 396 n.5 (Tex. App.--Texarkana 2006, orig. proceeding), support the proposition that a trial
court clearly abuses its discretion when it orders production of discovery beyond that permitted by
the Texas Rules of Civil Procedure. Such an abuse of discretion is not shown in this case. The
above cases hold discovery should not be compelled if it imposes an undue burden, if it is
excessively broad such that it is merely a "fishing expedition," or inquires into irrelevant matters. 
As we discuss in this opinion, the trial court's discovery order in this case does not exceed the scope
of the rules and does not place an undue burden on Beirne.
5. Rule 503 of the Texas Rules of Evidence, in connection with the attorney-client privilege,
reads as follows:


 (c) Who May Claim the Privilege. The privilege may be claimed by the
client, the client's guardian or conservator, the personal representative of a deceased
client, or the successor, trustee, or similar representative of a corporation, association,
or other organization, whether or not in existence. The person who was the lawyer
or the lawyer's representative at the time of the communication is presumed to have
authority to claim the privilege but only on behalf of the client.


Tex. R. Evid. 503.