MERRILL LYNCH, PIERCE, FENNER, AND SMITH, INC., Relator,

v.

The Honorable Raul L. LONGORIA, Presiding Judge of the 139th District Court of Hidalgo County, Texas, Respondent.

No. 13–89–316–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 21, 1989.

Motion for Reconsideration Overruled Feb. 1, 1990.

Suzanne M. Saur, Saur & Saur, Houston, R. Randy Crane, Charles C. Murray, Atlas & Hall, McAllen, for relator.

Antonio Villeda, McAllen, Arturo R. Cantu, Ramon & Ramirez, Edinburg, for real parties in interest.

Raul Longoria, 139th District Court, Edinburg, pro se.

Before NYE, C.J., and SEERDEN, and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

In this original mandamus proceeding, relator, Merrill Lynch, Pierce, Fenner and Smith requests relief from a trial court order denying its motion to compel arbitration. We conditionally grant the writ in part.

Paul and Pat Van Meter, the real parties in interest, filed suit against Merrill Lynch complaining that Paul Van Meter was wrongfully terminated from his employment with the brokerage firm. Merrill Lynch filed a motion to compel arbitration alleging that Paul Van Meter had completed and executed a *Uniform Application for Securities Industry Registration* (U–4 Form) in conjunction with his employment application. This form provided in part:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which I register.

The contract was admitted at the hearing on the motion to compel arbitration. The fact that Paul Van Meter signed the U–4 form is undisputed. In their amended petition, the Van Meters claimed, however, that Paul Van Meter was under the impression, based upon a Financial Consultant Trainee Agreement which he had signed, that Texas law would control any dispute between the parties. He alleged that the actions of Merrill Lynch constitute fraud on Paul Van Meter to the extent and validity of the arbitration agreement.

The trial judge held a hearing on the motion to compel arbitration. At that hearing, the Van Meters' attorney argued that arbitration was not proper because Pat Van Meter was also a party to the lawsuit and would not be subject to any arbitration agreement between her husband and Merrill Lynch. This was in addition to the argument that Paul Van Meter had been fraudulently induced to sign the U–4 agreement. The U–4 agreement was introduced at the hearing and was also attached to relator's motion. No oral testimony was introduced or bill of exception made by either party at this hearing. The hearing consisted only of arguments by both counsel.

■ A trial court, upon motion to stay a proceeding pending arbitration, must determine whether the parties agreed to arbitrate and the scope of the agreement. *Shearson Lehman Hutton, Inc. v. McKay*, 763 S.W.2d 934, 936 (Tex.App.—San Antonio 1989, orig. proceeding); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McCollum*, 666 S.W.2d 604, 608 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), *cert. denied*, 469 U.S. 1127, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985). The issue of whether the parties agreed to arbitrate is a factual question. *McKay*, 763 S.W.2d at 936. Once the trial court determines that the issue raised is one falling within the arbitration agreement, it then must compel arbitration.

There is a strong federal policy favoring arbitration. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 1243, 84 L.Ed.2d 158 (1985). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Memorial Hospital v. Mercury Construction*, 460 U.S. 1, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

■ Here, the existence of a written agreement to arbitrate was established. A dispute arising out of a parties' contract or

refusal to perform all or part of a contract does not affect the validity of the arbitration agreement. *McKay*, 763 S.W.2d at 938. Clearly, Paul Van Meter's claims for wrongful discharge were among those issues which were arbitrable.

■ The Van Meters alleged that Paul Van Meter was misled by the training agreement which indicated to him that he would be able to litigate claims he might have in a Texas court. Arguably, this raises an issue concerning fraud in the inducement of the arbitration agreement itself, which is not a subject properly referable to arbitration. *See* 9 U.S.C.A. § 2 (1970). However, the burden to show that the claim was not referable to arbitration was upon the Van Meters. *See McKay*, 763 S.W.2d at 938. The Van Meters offered *no* evidence at the hearing to establish that there existed any ground to revoke the contract.

■ A writ of mandamus will issue to correct a clear abuse of discretion by the trial court when there is no adequate remedy by appeal. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 197 (Tex.1985). Here, the trial court abused its discretion in not referring Paul Van Meter's claims to arbitration, in view of the very strong presumption in favor of arbitration as well as the lack of any evidence raised by the Van Meters to show that the arbitration agreement was procured by fraud.

■ Pat Van Meter also filed suit alleging loss of consortium as a result of Merrill Lynch's alleged actions toward her husband. An arbitration agreement must be enforced notwithstanding the presence of others who are parties to the underlying dispute but not the arbitration agreement. *Tenneco Resins, Inc. v. Davy International*, 770 F.2d 416, 422 (5th Cir.1985). All of her claims are derivative in nature, arising solely from her husband's contract with Merrill Lynch. However, because she was not a party to the contract, she is not bound to proceed to arbitration.

Merrill Lynch cites *In re Oil Spill by the Amoco Cadiz*, 659 F.2d 789 (7th Cir.1981) as authority for its position that Pat Van Meter, as a derivative claimant, must also proceed to arbitration. In *Cadiz*, the claimant, who sought a right to a judicial forum, claimed that it had never consented to having its disputes resolved by arbitration. The Court held that this party's only stake in the controversy was as the plaintiff's agent. The court reasoned that it would advance neither judicial economy nor the purposes of the federal arbitration act to permit the agent to assert in a judicial forum claims grounded upon its alleged relationship to its principal and to allow it to disavow the relationship for purposes of arbitration. Although *Cadiz* and this case both involve derivative claims, they are distinguished by the fact that in *Cadiz*, the claimant was attempting to recover as agent. Recovery as an agent would necessarily be limited to that amount recoverable by the principal. Here, Pat Van Meter's claim is dependent upon her husband's in the sense that it derives from the alleged wrongful termination, but the bases of her damages are totally separate from the damages Paul Van Meter would claim for breach of contract or wrongful termination. We believe the trial court was correct in not referring her case to arbitration. The proper action for the court to have taken under this circumstance would have been to abate Pat Van Meter's case until Paul Van Meter's case was arbitrated.

We conditionally grant the writ as to Paul Van Meter's claims only. We are confident that the trial judge will withdraw his order denying arbitration and enter an order granting Relator's Motion to Compel Arbitration regarding all claims of Paul Van Meter. Pat Van Meter's claims will be held in abeyance until those claims are arbitrated.