### In re ADHI–LAKSHMI CORPORATION.

No. 09–04–088 CV.

Court of Appeals of Texas, Beaumont.

Submitted March 15, 2004.

Decided June 10, 2004.

Jerry Fazio, Jonathan L. Davenport, Owen & Fazio, PC, Dallas, for appellant.

Michael Josephson, Fibich, Hampton, Leebron & Garth, LLP, Houston, for appellees.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

This is a petition for writ of mandamus brought by Relator, Adhi–Lakshmi Corporation, to compel the Honorable James Mehaffy to set aside his order denying Relator's Motion to Compel Arbitration, filed in Cause No. A–0170444 in the 58th District Court of Jefferson County, Texas. The real parties in interest are Melissa Mancill and her husband, Steven Mancill, plaintiffs in this action for personal injuries. For the reasons stated herein, mandamus is conditionally granted.

On September 10, 2002, Melissa Mancill slipped and fell on a stairwell while conducting an apartment inspection at the Parkdale Greens Apartments, located in Beaumont. Mancill sued Relator and CNC Investments, Ltd., L.L.P.,(CNC)[1] for damages, alleging both defendants as owners of the apartments and as her employers, non-subscribers to workers' compensation. After conducting discovery, on December 4, 2003, Relator and CNC moved to compel arbitration, on the grounds that Melissa was an employee of CNC, and had signed an employee handbook which contained a provision agreeing to arbitrate "Any controversy, claim, dispute or question arising out of, in connection with, or related to employment, . . ."

1. The record shows that Relator and CNC have the same agent for service of process at the same address in Houston.

On January 27, 2004, Melissa, now joined by her husband, Steven, filed a "Plaintiffs' Second Amended Petition" which named only relator as the defendant. On February 19, 2004, Judge Mehaffy denied the motion to compel arbitration, specifically finding that Melissa was not a borrowed servant of CNC.

■ As a general policy, both federal and state courts favor arbitration provisions. The United States Supreme Court has held that the Federal Arbitration Act, as a matter of law, requires that any doubt concerning the scope of arbitrable issues under a contractual arbitration provision should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *In re Service Corp. Int'l*, 85 S.W.3d 171, 174 (Tex.2002); *Meyer v. WMCO-GP, L.L.C.*, 126 S.W.3d 313, 316 (Tex.App.-Beaumont 2004, pet. filed). "While this policy directs courts to place arbitration provisions on an equal footing with other contractual provisions, it does not require parties to arbitrate when they have not agreed to do so. *EEOC v.Waffle House, Inc.*, 534 U.S. 279, 293, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002)." *Meyer v. WMCO-GP*, 126 S.W.3d at 316. *See also J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223 (Tex.2003). A party seeking to compel arbitration must: (1) establish the existence of a valid, enforceable arbitration agreement; and (2) show that the claims asserted fall within the scope of that agreement. *Fleetwood Enter., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir.2002)(applying Texas law); *In re Koch Indus., Inc.*, 49 S.W.3d 439, 444 (Tex.App.-San Antonio 2001, orig. proceeding [mand. denied] ). "If one party denies that there is a binding arbitration agreement, the trial court may summarily decide whether

to compel arbitration on the basis of uncontroverted affidavits, pleadings, discovery, and stipulations." *In re Kellogg Brown & Root*, 80 S.W.3d 611, 615 (Tex. App.-Houston [1st Dist.] 2002, orig. proceeding). Under the Federal Arbitration Act, a trial court's order denying arbitration is reviewable by mandamus. *In re Merrill Lynch Trust Co. FSB*, 123 S.W.3d 549, 553 (Tex.App.-San Antonio 2003, orig. proceeding). "Whether there is an enforceable agreement to arbitrate is a question of law and is therefore reviewed *de novo.*" *In re Kellogg Brown & Root*, 80 S.W.3d at 615.

■ In its Motion to Compel Arbitration, Relator alleged that Melissa had signed and agreed to the provisions in the Employee Handbook of CNC,[2] which contained an arbitration provision applicable to her claim for damages. The evidence before the court on the petition for writ of mandamus includes the Handbook's arbitration clause, which reads as follows:

> Any controversy, claim, dispute or question arising out of, in connection with, or related to employment, shall be resolved by binding arbitration in accordance with the rules of the American Arbitration Association. The arbitration shall be conducted in Houston, Texas. Judgement [sic] upon any award, which may include an award of damages, may be entered by the highest state or federal court having jurisdiction. Nothing contained herein shall in any way deprive the Company of its right to obtain injunctive or other equitable relief as previously set forth herein.

Melissa Mancill signed the Employee Handbook of CNC Investments on March 15, 2001, agreeing to follow the rules and regulations therein. Other significant pro-

---

**2.** Arbitration agreements are often part of employee manuals or personnel policies. *See*

*J.M. Davidson, Inc. v. Webster*, 128 S.W.3d at 234 (dissenting opinion of Justice Schneider).

visions of the CNC Employee Handbook are:

> For the purpose of this manual all references made to CNC Investments, Inc. employees should be understood as including all affiliated property employees as well. With that in mind, it should also be understood that employment with an affiliated property does not constitute direct employment with CNC Investments, Inc. **Affiliated Property Employee is defined as any employee holding a position with a property managed by CNC Investments, Inc. and should be considered as being employed by that particular property.** (Emphasis in original)

In their latest live pleading, filed three days before the hearing on the motion to compel arbitration, real parties in interest alleged, contrary to their earlier pleadings, that Melissa was only Relator's employee and that only Relator owned and operated the Parkdale Green Apartments.

In an affidavit attached to Relator's Reply to Plaintiffs' Response to Defendant's Motion to Compel Arbitration, Sue Newell, Relator's Employee, states in part:

> ... The Parkdale Green Apartments are owned by Adhi-[Lakshmi] Corporation and are solely managed by CNC Investments, Ltd. L.L.P. As part of the responsibility of managing the Parkdale Green Apartments, CNC Investments, Ltd. L.L.P. has the right to control the daily activities of the employees of the apartment complex including, but not limited to, the Plaintiff Melissa Mancill. CNC Investments, Ltd. L.L.P. had the sole right to supervise and manage the day to day activities of Melissa Mancill and further had the right to direct her daily responsibilities because she was employed by Adhi-[Lakshmi] Corporation as the manager of the Parkdale Green Apartments.

> ... Adhi-[Lakshmi] Corporation specifically relies on the CNC Investments, Ltd. L.L.P. employee handbook and its provisions as part of the contractual agreement between CNC Investments, Ltd. L.L.P. and Adhi-[Lakshmi] Corporation for management at the Parkdale Green Apartments.

> Adhi-[Lakshmi] Corporation relies on and incorporates the employment handbook of CNC Investments, Ltd. L.L.P. for the management of the individual employees of the Parkdale Green Apartments.

The evidence also establishes that Melissa was subject to the arbitration provision. While Melissa was not an employee of CNC, she did sign the Employee Handbook containing the arbitration provision and agreed to follow all of the rules of the handbook. Relator adopted the CNC employee handbook as its own. CNC was responsible for the management of the Parkdale Green Apartments, which were owned by Relator. Melissa clearly meets the employee of the "affiliated property" language contained in the first paragraph of the Employee Handbook. *See supra.* We find that, under the cited definition section of the Handbook, Melissa was an actual party to the arbitration provision, and was bound by its terms. Since we have found she was an actual party, an analysis of the law pertaining to applicability of arbitration clauses to non-parties is unnecessary.

■ Melissa's husband was, in the Second Amended Petition filed three days before the hearing on the motion to compel, made a party to the suit. The only allegation relating to him states, "... ALC did not subscribe to workers' compensation insurance and is therefore liable for Plaintiff's personal injuries, including Steven Mancill's loss of consortium claims." Steven did not sign the employee handbook, and there is no evidence that he

was an employee. In *Merrill Lynch, Pierce, Fenner, and Smith, Inc. v. Longoria,* 783 S.W.2d 229, 231 (Tex.App.-Corpus Christi 1989, orig. proceeding), the court conditionally granted the writ as to the claims of the husband who signed the arbitration agreement, denied the writ as to the loss of consortium claim of the non-signatory wife and directed the wife's claims to be abated until the husband's case was arbitrated. In the reply filed in response to the Mancills' response to the motion to compel arbitration, Adhi-Lakshmi Corporation prays that "all issues plead by the Plaintiffs in the Plaintiffs' most recent petition be submitted for binding arbitration pursuant to the terms of the agreement and Stay of all proceedings in this matter." We find, however, no discussion of Steven Mancill's claim for loss of consortium. Furthermore, the petition for writ of mandamus never directly addresses Steven Mancill's claims. Because the issue has not been presented to the trial court for a ruling, we decline to rule on the arbitrability of Steven Mancill's claims.

We conditionally grant the writ as to Melissa Mancill's claims only. We are confident that the trial judge will withdraw his order denying arbitration and enter an order granting Relator's Motion to Compel Arbitration regarding all claims of Melissa Mancill. The writ will issue only if the trial court fails to act in accordance with this opinion.

WRIT CONDITIONALLY GRANTED.

DON BURGESS, Justice, filed a concurring and dissenting opinion.

DON BURGESS, Justice, concurring and dissenting.

I concur in the denial of the petition for mandamus as it applies to Steven Mancill.[1] However, in all other respects, I respectfully dissent. Although not discussed by the majority, the Real Parties in interest raised the issue of waiver in their response and the trial judge could have denied the motion to compel arbitration on that issue. There is ample evidence to support that contention.

Since filing its original answer[2] and its amended answer[3] and prior to filing its motion to compel arbitration,[4] ALC served or responded to various discovery:

September 17, 2003—ALC's response to Mancill's Request for Disclosure

September 17, 2003—ALC's response to Mancill's Request for Production

September 17, 2003—ALC's response to Mancill's First Set of Interrogatories

September 17, 2003—ALC's First Request for Admissions to Mancill

September 25, 2003—ALC's First Supplemental Response to Mancill's Request for Production

October 2, 2003—ALC's First Supplemental Response to Mancill's Request for Disclosure

October 16, 2003—ALC's Second Supplemental Response to Mancill's Request for Disclosure

November 14, 2003—ALC's Second Supplemental Response to Mancill's Request for Production

1. This case personifies the fixation with "arbitration at any cost!" Steven Mancill must prove the same initial elements as his wife: injury, negligence and proximate cause, yet in a Texas court while she is before some arbitrator. It is time for the courts to look at these *divided,* yet duplicate cases in a practical, pragmatic manner. One trial could determine all the issues; but because the majority grants the mandamus as to Melissa, the Mancills must duplicate their efforts.

2. August 8, 2003.

3. August 14, 2003.

4. December 4, 2003.

This is substantially invoking the judicial process. *See In re Bruce Terminix Co.,* 988 S.W.2d 702, 703–04 (Tex.1998). Clearly the parties were preparing to litigate the matter until ALC decided to attempt to invoke the arbitration process. Between the filing of ALC's amended answer and its motion to compel arbitration, the Real Parties in interest expended countless hours in formulating documents, obtaining responses, evaluating those responses and dealt with other normal pretrial matters. For anyone to claim this expenditure of time and effort is not prejudicial to the Real Parties in interest is not realistic.

The trial judge did not abuse his discretion in denying the motion to compel arbitration. I would also deny the mandamus as to Melissa Mancill.