**Patricia RISSMAN,
Claimant/Appellant,**

v.

**V S M ABRASIVES CORPORATION
and Division of Employment
Security, Respondents.**

**No. ED 84325.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 22, 2004.

Patricia A. Rissman, Eolia, pro se.

Cynthia Ann Quetsch, Jefferson City, for respondent.

V S M Abrasives Corporation, O'Fallon, pro se.

SHERRI B. SULLIVAN, Chief Judge.

Patricia Rissman (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) affirming the Appeals Tribunal's denial of unemployment benefits to her. Because we find Claimant's notice of appeal is untimely, we dismiss the appeal.

A deputy of the Division of Employment Security concluded Claimant was disqualified from receiving unemployment benefits because she left her work voluntarily without good cause attributable to her work. Claimant filed an appeal with the Appeals Tribunal and a telephone conference hearing was held. The Appeals Tribunal affirmed the deputy's determination. Claimant filed an application for review with the Commission, which affirmed the decision of the Appeals Tribunal. The Secretary of the Commission certified that she mailed a copy of the Commission's decision to Claimant on February 9, 2004. Claimant filed a notice of appeal to this Court on March 22, 2004.

A claimant has twenty days to appeal a final decision of the Commission. Section 288.210.[1] The Commission's decision becomes final ten days after the date it is mailed to the parties. Section 288.200.2. Here, the Secretary for the Commission mailed its decision to Claimant on February 9, 2004. The decision became final ten days later and the notice of appeal was due on March 10, 2004. Section 288.200; Section 288.210. Thus, Claimant's notice of appeal, which was filed on March 22, 2004, was untimely.

This Court has a duty to determine *sua sponte* whether it has jurisdiction. *Williams v. ESI Mail Pharmacy Serv., Inc.*, 103 S.W.3d 848 (Mo.App. E.D.2003). We issued an order directing Claimant to show cause why this appeal should not be dismissed as untimely. Claimant has not filed a response to our order to show cause.

An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Loeffler v. Shop N Save*, 121 S.W.3d 261, 261 (Mo.App.E.D.2003). Section 288.210 fails to make any provision for late filing and does not recognize any exceptions for filing out of time. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Our only recourse is to dismiss Claimant's appeal.

The appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.