Karen V. ANDERSON,
Claimant/Appellant,

v.

PRO–MOLD, INC., and Division
of Employment Security,
Respondents.

No. ED 85174.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 25, 2005.

Karen V. Anderson, St. Louis, MO, pro se.

Pro–Mold, Inc., St. Louis, Cynthia A. Quetsch, Jefferson City, MO, for Respondent.

GEORGE W. DRAPER III, Chief Judge.

Karen Anderson (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) denying her claim for unemployment benefits. The appeal is dismissed.

A deputy of the Division of Employment Security (Division) concluded Claimant was disqualified from receiving unemployment benefits because she left her job voluntarily without good cause attributable to her work or the employer. Claimant filed an appeal with the Appeals Tribunal, who modified the deputy's decision, but also concluded she had left work voluntarily without good cause attributable to her work or the employer. Claimant filed an application for review by the Commission, which affirmed the decision of the Appeals Tribunal. The Secretary of the Commission certified that she mailed a copy of the Commission's decision to Claimant on August 13, 2004. Claimant filed a notice of appeal to this Court on September 23, 2004.

This Court has a duty to determine *sua sponte* whether it has jurisdiction. *Rissman v. V S M Abrasives Corp.*, 136 S.W.3d 851 (Mo.App. E.D.2004). A claimant has twenty days to file an appeal from the Commission's final decision. Section 288.210, RSMo 2000. A decision becomes final ten days after the date it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the decision was mailed on August 13, 2004. It became final ten days later and the notice of appeal was due twenty days thereafter, on Monday, September 13, 2004. Sections 288.200, 288.210, 288.240, RSMo 2000. Claimant mailed her notice of appeal to the Commission and her letter was postmarked on September 23, 2004, ten days after the notice of appeal was due.

We issued an order directing Claimant to show cause why this appeal should not be dismissed as untimely. Claimant has filed a response in which she argues the merits of her appeal. She offers no explanation for the lateness of her notice of appeal.

Even if Claimant's appeal has merit, if her notice of appeal is untimely, this Court does not have jurisdiction. An untimely notice of appeal in an unemployment case

deprives this Court of jurisdiction to entertain the appeal. *Thomas v. St. Martin's Childcare Center,* 127 S.W.3d 704, 705 (Mo. App. E.D.2004). Section 288.210 sets forth stringent guidelines for the filing of the notice of appeal and fails to make any provision for late filing. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D. 2000). Our only recourse is to dismiss her appeal.

The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN and GLENN A. NORTON, JJ., concur.