**Yolanda FRENCHIE,**
**Claimant/Appellant,**

v.

**DIVISION OF EMPLOYMENT**
**SECURITY, Respondents.**

**No. ED 85323.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 8, 2005.

Yolanda Frenchie, Florissant, MO, for Appellant.

Durham School Services, L.P., Phoenix, AZ, Cynthia A. Quetsch, Jefferson City, MO, for Respondents.

GEORGE W. DRAPER III, Chief Judge.

Yolanda Frenchie (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) regarding her unemployment benefits. The appeal is dismissed.

On February 23, 2004, a deputy with the Division of Employment Security concluded that Claimant had been overpaid $304 in unemployment benefits, because she had received benefits during two weeks of disqualification. Claimant filed an untimely appeal to the Appeals Tribunal, which dismissed her appeal. She then filed an application for review with the Commission, which affirmed the Tribunal's dismissal. The Commission mailed its decision to Claimant on September 8, 2004. Claimant filed a notice of appeal to this Court on October 23, 2004.

A claimant has twenty days to file an appeal from a final decision of the Commission. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after the date it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Secretary for the Commission mailed its decision to Claimant on September 8, 2004. The decision became final ten days later and the notice of appeal was due twenty days thereafter on October 8, 2004. Sections 288.200, 288.210. The Secretary to the Commission has certified that Claimant filed her notice of appeal on October 23, 2004, well after the notice of appeal was due.

This Court has a duty to determine *sua sponte* whether it has jurisdiction. *Rissman v. V S M Abrasives Corp.*, 136 S.W.3d 851 (Mo.App. E.D.2004). We issued an order directing Claimant to show cause why this appeal should not be dismissed as untimely. Claimant has filed a response. Claimant asserts that she was debating on whether to file an appeal and did not re-

ceive the appeal form until September 23, 2004.

An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Thomas v. St. Martin's Childcare Center*, 127 S.W.3d 704, 705 (Mo.App. E.D.2004). Regardless of the reasons for the lateness of Claimant's appeal, this Court does not have jurisdiction. Section 288.210 sets forth stringent guidelines for the filing of the notice of appeal and fails to make any provision for late filing. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D. 2000). Moreover, Claimant received the notice of appeal form well within the time to timely file her notice of appeal. Our only recourse is to dismiss her appeal.

The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN and GLENN A. NORTON, JJ., concur.