**Relique DORCIS, Claimant/Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. ED 86324.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 9, 2005.

Relique Dorcis, St. Louis, MO, appellant acting pro se.

Cynthia A. Quetsch, Jefferson City, MO, for respondent.

GLENN A. NORTON, Chief Judge.

Relique Dorcis (Claimant) appeals from two decisions of the Labor and Industrial Relations Commission (Commission) regarding overpaid unemployment benefits. The appeal is dismissed.

On October 5, 2004, a deputy determined that Claimant had been overpaid unemployment benefits because he had been paid benefits during a time he earned wages. In addition, the deputy concluded Claimant had willfully failed to report earnings and cancelled his wage credits prior to August 24, 2004. On January 11, 2005, the Division of Employment Security issued an order of assessment pursuant to section 288.380.12, RSMo Cum.Supp.2004, and section 288.160, RSMo 2000. On February 17, 2005, Claimant filed an appeal of the deputy's determination and the order of assessment with the Appeals Tribunal. The Appeals Tribunal dismissed Claimant's appeals on March 15, 2005. Claimant then sought review in the Commission, which affirmed the Appeals Tribunal's decisions on April 14, 2005. Claimant filed his notice of appeal to this Court on May 20, 2005.

The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. A claimant then has twenty days to appeal the Commission's final decision. Section 288.210, RSMo 2000. Here, the Secretary for the Commission mailed its decisions to Claimant on April 14, 2005. The decisions became final ten days later and Claimant's notice of appeal was due on Monday, May 16, 2005. Section 288.200.2; Section 288.210; Section 288.240, RSMo 2000.

Claimant filed his notices of appeal on May 20, 2005, which is untimely.

This Court has a duty to examine its jurisdiction *sua sponte*. *Crowden v. General Sign Co.*, 133 S.W.3d 562, 562 (Mo. App. E.D.2004). We issued an order directing Claimant to show cause why this appeal should not be dismissed. Claimant has not filed a response to the order. Section 288.210 makes no provision for late filing of a notice of appeal. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Loeffler v. Shop N Save*, 121 S.W.3d 261, 261 (Mo.App.E.D.2003).

The Claimant's appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., concur.