Brenda MILES, Claimant/Appellant,

v.

URBAN INVESTIGATIONS, INC.,
and Division of Employment
Security, Respondents.

No. ED 86308.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 9, 2005.

Cynthia A. Quetsch, Jefferson City, MO, for respondent.

Brenda L. Miles, Ferguson, MO, Appellant acting pro se.

Urban Investigations, Ferguson, MO, Respondent acting pro se.

GLENN A. NORTON, Chief Judge.

Brenda Miles (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision denying her unemployment benefits. Claimant's notice of appeal to this Court is untimely. As a result, we have no jurisdiction and dismiss Claimant's appeal.

After Claimant applied for unemployment benefits, a deputy determined that she was eligible for benefits and was not disqualified for her discharge at work. Claimant's employer, Urban Investigations, Inc. (Employer), appealed the deputy's determination to the Appeals Tribunal. The Appeals Tribunal reversed the deputy's determination and concluded Claimant was disqualified from receiving unemployment because she quit her work without good cause attributable to her work or to her employer. Claimant then filed an application for review with the Commission, who affirmed the Appeals Tribunal's decision. Claimant filed a notice of appeal to this Court.

Once the Commission's decision is mailed to the parties, it becomes final ten days thereafter. Section 288.200.2, RSMo 2000. A claimant then has twenty days to appeal a final decision of the Commission. Section 288.210, RSMo 2000. Here, the Secretary for the Commission mailed its decision to Claimant on April 19, 2005. The decision became final ten days later on April 29, 2005. Section 288.200.2. Her notice of appeal was due on May 19, 2005. Section 288.210. Claimant's notice of appeal was filed on May 21, 2005, which is untimely.

An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Rossi v. Division of Employment Sec.*, 157 S.W.3d 341, 342 (Mo.App. E.D.2005). This Court has a duty to examine its jurisdiction *sua sponte*. *Frenchie v. Division of Employment Sec.*, 156 S.W.3d 437 (Mo. App. E.D.2005). We issued an order directing Claimant to show cause why this appeal should not be dismissed. Claimant has failed to file a response. The unemployment statutes, however, fail to make a provision for the late filing of a notice of appeal. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000).

The Claimant's appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., concur.