**Douglas NICKEL, Claimant/Appellant,**

v.

**G.J. GREWE, INC., and Division of Employment Security, Respondents.**

**No. ED 87519.**

Missouri Court of Appeals, Eastern District, Division Five.

April 4, 2006.

---

Cynthia A. Quetsch, Jefferson City, MO, for Respondents.

Douglas Nickel, Saint Louis, MO, Claimant/Appellant acting pro se.

G.J. Grew, Inc., Saint Louis, MO, Respondent acting pro se.

GLENN A. NORTON, Chief Judge.

Douglas Nickel (Claimant) appeals from the decision of the Labor and Industrial Relations Commission regarding his unemployment benefits. Because his notice of appeal to this Court is untimely, the appeal is dismissed.

A deputy from the Division of Employment Security concluded Claimant was disqualified from receiving unemployment benefits because he was discharged by his employer, G.J. Grewe, Inc. (Employer) for misconduct connected with work. Claimant appealed to the Appeals Tribunal, which reversed the deputy's determination and concluded that Claimant was qualified to receive unemployment benefits. Employer then filed an application for review with the Commission. The Commission concluded that Claimant was discharged for misconduct connected with his work, which justified disqualifying him from unemployment benefits. The Commission, therefore, reversed the Appeals Tribunal's decision. The secretary for the Commission mailed the decision to Claimant on December 2, 2005. Claimant filed a notice of appeal to this Court.

■ After reviewing the record filed by the Commission, this Court issued an order directing Claimant to show cause why his appeal should not be dismissed for lack of a timely notice of appeal. In addition, the Division of Employment Security filed a motion to dismiss Claimant's appeal, contending his notice of appeal to this Court is untimely.

The unemployment statutes provide a claimant twenty days to file a notice of appeal from the date the Commission's decision becomes final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Claimant filed a response in which he asserts that he mailed the notice of appeal on December 31, 2005 and that it was timely. The Secretary for the Commission filled in the date of the filing of the notice of appeal as January 11, 2006. At our direction, the Commission filed a supplemental legal file that contains the postmarked envelope in which Claimant's notice of appeal was contained. The postmark on the envelope is January 11, 2006. Under section 288.240, RSMo 2000, a notice of appeal mailed to and received by the Commission will be considered filed "as of the date endorsed by the United States post office on the envelope" in which the notice of appeal is enclosed. *Williams v. ESI Mail Pharmacy Service, Inc.*, 103 S.W.3d 848 (Mo.App. E.D.2003). Therefore, Claimant's notice of appeal was filed on January 11, 2006.

Here, the Secretary for the Commission mailed its decision to Claimant on Decem-

ber 2, 2005.[1] The decision became final ten days later and Claimant's notice of appeal was due on Tuesday, January 3, 2006. Sections 288.200.2, 288.210, 288.240 (if the thirtieth day falls on a weekend or holiday, the filing date falls to the next business day). As discussed before, Claimant filed his notice of appeal on January 11, 2006, which is untimely.

Section 288.210 makes no provision for late filing of a notice of appeal. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). In an unemployment case, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Frenchie v. Division of Employment Sec.*, 156 S.W.3d 437, 438 (Mo.App. E.D.2005). Therefore, we have no jurisdiction to consider Claimant's appeal.

The Division's motion to dismiss is granted. Claimant's appeal is dismissed for lack of jurisdiction.

ROBERT G. DOWD, JR., J., and BOOKER T. SHAW, J., concurring.

---

1. The Commission also issued an order on December 7, 2005, correcting a typographical error in the December 2, 2005 decision. This order has no bearing on the date Claimant's notice of appeal would be due. Even if it did, Claimant's notice of appeal would be untimely.