Valerie BURNS, Claimant/Appellant,

v.

BUTTONS & BOWS PRESCHOOL DEVELOPMENT CENTER, and Division of Employment Security, Respondents.

No. ED 87668.

Missouri Court of Appeals, Eastern District, Division Five.

April 4, 2006.

Cynthia A. Quetsch, Jefferson City, MO, for Respondent.

Valerie Burns, Saint Louis, MO, Claimant/Appellant acting pro se.

Buttons & Bows Preschool Development Center, Saint Louis, MO, Respondent acting pro se.

GLENN A. NORTON, Chief Judge.

Valerie Burns (Claimant) appeals from the Labor and Industrial Relations Commission's decision denying her claim for unemployment benefits. The appeal is dismissed because the notice of appeal is untimely.

Claimant sought unemployment benefits after losing her job with Buttons & Bows Preschool Development Center (Employer). A deputy from the Division of Employment Security determined Claimant was eligible to receive unemployment benefits. Employer appealed to the Appeals Tribunal, which reversed the deputy's determination. The Appeals Tribunal concluded that Claimant was disqualified from receiving unemployment benefits because she was discharged due to misconduct connected with her work. Claimant filed an application for review with the Commission, which affirmed the Appeals Tribunal's decision. Claimant then filed a notice of appeal to this Court.

This Court has a duty to determine *sua sponte* whether it has jurisdiction. *Miles v. Urban Investigations, Inc.,* 168 S.W.3d 727, 728 (Mo.App. E.D.2005). After reviewing the record on appeal, this Court issued an order directing Claimant to show cause why her appeal should not be dismissed for lack of a timely notice of appeal. Claimant has filed a response. She offers no explanation for the untimeliness of her appeal.

An aggrieved party in an unemployment matter may file a notice of appeal to this Court within twenty days from the date the Commission's decision becomes final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Secretary for the Commission mailed its decision to Claimant on December 14, 2005. Under the statutes, that decision became final ten days later and Claimant's notice of appeal was due on January 13, 2006. Sections 288.200.2 & 288.210. Claimant filed her notice of appeal on February 16, 2006, which is untimely.

In unemployment cases, there is no legislative authority for a late notice of appeal in an unemployment case. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo. App. E.D.2000). An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the

appeal. *Dorcis v. Division of Employment Sec.,* 168 S.W.3d 728, 729 (Mo.App. E.D.2005).

Claimant's appeal is dismissed for lack of jurisdiction.

ROBERT G. DOWD, JR., J., and BOOKER T. SHAW, J., concur.