William SMITH, Claimant/Appellant,

v.

DOMINION PROPERTIES, INC., and Division of Employment Security, Respondents.

No. ED 87612.

Missouri Court of Appeals, Eastern District, Division Five.

April 25, 2006.

Cynthia A. Quetsch, Jefferson City, MO, for respondent.

William Smith, Saint Peters, MO, Claimant/Appellant acting pro se.

Dominion Properties, Saint Louis, MO, Respondent acting pro se.

GLENN A. NORTON, Chief Judge.

In this unemployment case, William Smith (Claimant) appeals from the Labor and Industrial Relations Commission's decision denying his claim. The appeal is dismissed because the notice of appeal is untimely.

Claimant filed a claim for unemployment benefits after being separated from his employment with Dominion Properties, Inc. (Employer). A deputy from the Division of Employment Security determined Claimant was ineligible to receive unemployment benefits, because he voluntarily quit his job without good cause connected to his work or employer. Claimant appealed to the Appeals Tribunal, which dismissed Claimant's appeal because it was untimely. This determination was affirmed by the Commission on December 30, 2005. Claimant then filed a notice of appeal to this Court.

After reviewing the record on appeal, it appeared that Claimant's notice of appeal to this Court was also untimely. We is-

sued an order directing Claimant to show cause why the appeal should not be dismissed. The Division of Employment Security has also filed a motion to dismiss for lack of a timely notice of appeal. Claimant has filed a response. In his response, Claimant addresses only the merits of his appeal, not the timeliness of it.

In unemployment matters, an aggrieved party may file a notice of appeal to this Court within twenty days from the date the Commission's decision becomes final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Secretary for the Commission mailed its decision to Claimant on December 30, 2005. This decision became final ten days later and the notice of appeal was due on Monday, January 30, 2006. Sections 288.200.2, 288.210, 288.240, RSMo 2000. Claimant's notice of appeal was filed on February 1, 2006 and it is untimely.

Unfortunately, in unemployment cases, there is no legislative authority for filing a notice of appeal late. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D. 2000). If the notice of appeal is untimely, then it automatically deprives this Court of jurisdiction to entertain the appeal. *Dorcis v. Division of Employment Sec.*, 168 S.W.3d 728, 729 (Mo.App. E.D.2005). This Court has no ability to grant Claimant leave to file a late notice of appeal, despite the reasons for the lateness. Claimant has not offered any explanation.

The Division's motion to dismiss is granted. Claimant's appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE, J. and BOOKER T. SHAW, J., concurring.