Margie JOHNSON, Claimant/Appellant,

v.

ST. LOUIS PARKING COMPANY, and Division of Employment Security, Respondents.

No. ED 87698.

Missouri Court of Appeals, Eastern District, Division Five.

April 25, 2006.

Cynthia A. Quetsch, Jefferson City, MO, for Respondent.

Margie Johnson, Saint Louis, MO, Claimant/Appellant acting pro se.

Saint Louis Parking Company, Saint Louis, MO, Respondent acting pro se.

GLENN A. NORTON, Chief Judge.

Margie Johnson (Claimant) appeals from the decision of the Labor and Industrial Relations Commission regarding her unemployment benefits. Because the notice of appeal to this Court is untimely, the appeal is dismissed.

A deputy from the Division of Employment Security concluded Claimant was disqualified from receiving unemployment benefits because she was discharged from work due to misconduct connected with her work. Claimant appealed to the Appeals Tribunal, which affirmed the deputy's determination. Claimant then sought review by the Commission, which affirmed the Appeals Tribunal. Claimant now appeals to this Court.

In response to the appeal, the Division of Employment Security has filed a motion to dismiss the appeal for lack of a timely notice of appeal. This Court also issued an order directing Claimant to show cause why her appeal should not be dismissed. Claimant has not filed a response.

In unemployment matters, an aggrieved party may appeal from the Commission's decision by filing a notice of appeal within twenty days of the date the Commission's decision becomes final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Secretary for the Commission mailed its decision to Claimant on January 24, 2006. The decision became final ten days later and Claimant's notice of appeal was due on February 23, 2006. Sections 288.200.2; section 288.210. Claimant filed her notice of appeal on February 27, 2006 and it is untimely.

Moreover, section 288.210 makes no provision for late filing of a notice of appeal. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). In an unemployment case, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Frenchie v. Division of Employment Sec.*, 156 S.W.3d 437, 438 (Mo.App. E.D.2005). Therefore, we have no jurisdiction to consider Claimant's appeal.

The Division's motion to dismiss is granted. Claimant's appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE, J. and BOOKER T. SHAW, J., concurring.