Lynetta McGILL, Claimant/Appellant,

v.

## LM SERVICES CORPORATION, and Division of Employment Security, Respondents.

### No. ED 87810.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 16, 2006.

Cynthia A. Quetsch, Jefferson City, MO, for Respondents.

Lynetta McGill, Saint Louis, MO, for Claimant/Appellant acting pro se.

LM Services Corporation, Saint Louis, MO, for Respondent acting pro se.

GLENN A. NORTON, Chief Judge.

Lynetta McGill (Claimant) appeals from the decision of the Labor and Industrial Relations Commission affirming the Appeals Tribunal's decision denying her unemployment benefits. In response, the Division of Employment Security has filed a motion to dismiss the appeal for lack of a timely notice of appeal. Claimant has not filed a response to the motion.

We agree with the Division that Claimant's notice of appeal to this Court is untimely. Section 288.210, RSMo 2000, requires that the notice of appeal to this Court from the Commission's decision be filed within twenty days of decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Secretary for the Commission mailed its decision to Claimant on February 16, 2006,

and Claimant's notice of appeal was due on Monday, March 20, 2006. Sections 288.200.2, 288.210, 288.240, RSMo 2000. Claimant filed her notice of appeal on March 21, 2006, which is out of time.

When the notice of appeal to this Court is untimely in an unemployment case, we have no recourse except to dismiss the appeal. The unemployment statutes make no provision for late filing of a notice of appeal. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). An untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Frenchie v. Division of Employment Sec.*, 156 S.W.3d 437, 438 (Mo.App. E.D.2005). Therefore, we have no jurisdiction.

The Division's motion to dismiss is granted. Claimant's appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE, and BOOKER T. SHAW, JJ., concurring.