Belinda RICHARDS,
Claimant/Appellant,

v.

TARGET CORPORATION, and
Division of Employment
Security, Respondents.

No. ED 87824.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 16, 2006.

Cynthia A. Quetsch, Jefferson City, MO, for respondents.

Belinda Richards, Saint Louis, MO, claimant/appellant acting pro se.

Target Corporation, Saint Louis, MO, respondent acting pro se.

## OPINION SUMMARY

GLENN A. NORTON, Chief Judge.

Belinda Richards (Claimant) appeals from the Labor and Industrial Relations Commission's decision concerning her unemployment. The Commission affirmed the decision of the Appeals Tribunal that concluded she was disqualified from receiving unemployment and all of her wage credits were cancelled because she was discharged for aggravated misconduct concerning her work. The Division of Employment Security has filed a motion to dismiss the appeal for lack of a timely notice of appeal. Claimant has not filed a response to the motion.

Claimant's notice of appeal to this Court is untimely. Section 288.210, RSMo 2000, requires that the notice of appeal to this Court from the Commission's decision be filed within twenty days of decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the decision was mailed to Claimant on November 15, 2005. The notice of appeal was due on December 15, 2005. Sections 288.200.2, 288.210. Claimant filed her notice of appeal on March 24, 2006, which is out of time.

When faced with an untimely notice of appeal in an unemployment case, we have no recourse except to dismiss the appeal.

The unemployment statutes make no provision for late filing of a notice of appeal. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). An untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Frenchie v. Division of Employment Sec.,* 156 S.W.3d 437, 438 (Mo.App. E.D.2005).

The Division's motion to dismiss is granted. Claimant's appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE, J., and BOOKER T. SHAW, J., concurring.